KJS:ljc:kjs 7600/25 \Pleadings\760025 10 Our MT Dismiss & Memorandum 5-30-19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SYED K. SHAHWALI | : |
| | : |
| VS. | :    C.A. NO. 1:19-cv-00186-JJM-PAS |
| | : |
| MEGHAN HUGHES, ET AL | : |

**DEFENDANT HARRY J. HOOPIS, ESQ.'S MOTION TO DISMISS[1]**

    Now comes the defendant, Harry J. Hoopis, Esq., and hereby moves to dismiss the complaint of Syed K. Shahwali in the above captioned civil action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    Attorney Hoopis respectfully requests that this Honorable Court grant the instant motion and dismiss the plaintiff's complaint against him with prejudice. In support of this motion, Attorney Hoopis has jointly filed a memorandum of law.

DEFENDANT, HARRY J. HOOPIS, ESQ.,
By his Attorney,

/s/ Krista J. Schmitz
Krista J. Schmitz, Esq. #7709
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI  02886
PHONE:  (401) 737-3700
FAX:  (401) 737-5499
EMAIL:  kjs@olenn-penza.com

---

[1] This motion is being filed without prejudice to Attorney Hoopis' additional affirmative defenses, including but not limited to insufficiency of process and/or service of process, and the applicable statute of limitations.

## CERTIFICATION

I hereby certify that I have filed the within with the United States District Court on this 10th day of June, 2019, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Jeffrey S. Michaelson, Esq.
70 Romano Vineyard Way
Suite 117
North Kingstown, RI  02852

Matthew Shaw, Esq.
Special Asst. Attorney General
150 South Main Street
Providence, RI  02903

/s/ Krista J. Schmitz

## CERTIFICATION

I certify that I mailed, via regular mail, a true copy of this document on the 10th day of June, 2019, to:

Mr. Syed Shahwali, pro se
820 Atwells Avenue, Apt. 15
Providence, RI  02909

/s/ Krista J. Schmitz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SYED K. SHAHWALI | : |
| | : |
| VS. | :  C.A. NO. 1:19-cv-00186-JJM-PAS |
| | : |
| MEGHAN HUGHES, ET AL | : |

**DEFENDANT HARRY J. HOOPIS, ESQ.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

The defendant, Harry J. Hoopis, Esq., hereby moves to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the same fails to state a claim upon which relief can be granted. The complaint filed by the plaintiff fails to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure and fails to allege any material facts or legal claims against Attorney Hoopis. Furthermore, there is no basis for jurisdiction in the federal court, as there is not diversity among the parties and there is no federal question raised. For the reasons stated herein, Attorney Hoopis respectfully requests that this Honorable Court dismiss the plaintiff's complaint against him in its entirety, with prejudice.

**I.   FACTUAL BACKGROUND**

Mr. Shahwali filed a handwritten complaint form which included a "Statement of Claim" section where he stated, "I had applied for the post of Adj/Asst/Professor at (Maths Dept.) CCRI. I had applied for this post number of times. The time period is in between 2012 till 2018. They (CCRI) had hired candidates less qualified then me." **Document 1, p. 5**. In the "Relief" section, he wrote, "I (desperately) need the job as Maths Instructor (Adj/Asst/Professor) immediately. I need them to pay me at least $60,000.00 for pain & suffering. This is a case of discrimination on the basis of race, color, religion & ethnicity." **Id. at p. 6**. Mr. Shahwali also included a "Statement of Claim-

Continuation" where he further discussed his claims against the defendants. As to Attorney Hoopis, the only allegations contained in this section are "Mr. Harry Hoopis (Attorney) took my case in the Court of Law in 2014 (CA No. 13-6403). The counsel (RI Board of Governors) lied in the Court of Law. They said, Syed had no teaching (In Class) experience. In 2019, Michael D. Evora (Executive Director (RI) from RICHR said, we believe you had six years of experience teaching Mathematics. So who is lying under oath Michael D. Evora or the counsel (CCRI)." **Id. at p. 10**.

Mr. Shahwali also filed a supplemental pleading along with his complaint which consists of a six page typewritten summary of events. **Document 1-1.** In this summary, the paragraph that relates to Attorney Hoopis states as follows:

> If we go back in time, I filed a case of discrimination in 2012. After that I hired a Lawyer: Mr. Harry J. Hoopis (33 College Hill Road. 5B. Warwick, RI 02886. Ph: (401)823-6265. The attorney, Ronald A. Cavallaro, Esq (from RI Board of Governors) offered me an amount of $2,000.00 Two Thousand Dollars) to shut the case. So what is this Two Thousand Dollars (Jan 14, 2014) to shut (withdraw) the case. So what is this Two Thousand dollars all about? What is this bribery for (legal or illegal). It means they knew, something wrong had happened and we might lose the case. My attorney asked for Sixty Thousand Dollars (A two year Salary) on May 15, 2014. They lied to him, that a year salary of Adjunct Instructor is $1,000 (One Thousand Dollars for a semester) only. This shows their mentality and seriousness about the case.

**Id. at pp. 2-3**.

As to Attorney Hoopis, the allegations in the plaintiff's complaint and supplemental pleading are solely that he represented the plaintiff in an employment action against the Community College of Rhode Island filed in the Rhode Island Superior Court.[2] There are no allegations against Attorney

---

[2] Attorney Hoopis did file a complaint on behalf of the plaintiff in the Providence County Superior Court on December 18, 2013, against The Rhode Island Board of Education. The Rhode Island Board of Education moved for summary judgment and it was granted on February 16, 2016. Final Judgment was entered in the case on April 29, 2016.

Hoopis regarding his representation of the plaintiff, and it appears that Attorney Hoopis is included as a defendant merely to summarize the factual background of the plaintiff's complaint against the Community College of Rhode Island and his allegations of perjury against them. As there are no allegations made by the plaintiff against Attorney Hoopis that could form the basis of a cause of action, the plaintiff's complaint against him should be dismissed.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure, Rule 12(b)(6), a court reviewing a motion to dismiss for failure to state a claim must accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor. *Tatro v. Equifax Info. Servs., LLC*, No. CV 18-341-JJM-PAS, 2018 WL 6523090, at *1 (D.R.I. Dec. 12, 2018) citing *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). However, "To withstand a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *Id.* citing *ACA Fin. Guar. Corp. v. Advest, Inc.,* 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); see also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "[C]onclusory allegations, recitations of the elements, and legal conclusions cannot meet the standard. *Twombly*, 550 U.S. at 555; see also *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1998) ("[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.")." *Id.*

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion

-3-

> couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Federal Rules of Civil Procedure, Rule 8(a)(2)*. While the Rule does not require exceedingly detailed factual pleadings, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) at 555. Additionally, Rule 10 requires that "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Federal Rules of Civil Procedure, Rule 10(b)*. Although the Court may construe the plaintiff's pleadings more favorably than those drafted by an attorney in deference to his pro-se status, the plaintiff's "pro-se status does not excuse him from complying with procedural and substantive law." *Fernandez v. Spaulding*, No. CV 18-10732-TSH, 2019 WL 1921708, at *2 (D. Mass. Apr. 30, 2019) citing *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

**III.   ARGUMENT**

First and foremost, the plaintiff has alleged that the instant complaint is being filed in federal court on the basis of diversity jurisdiction, however, both Attorney Hoopis and the plaintiff are residents of the State of Rhode Island.  **Document 1, p. 4**.  Additionally, in his claim for relief, the plaintiff is seeking $60,000 in damages, which is also insufficient to form the basis of diversity jurisdiction.  **Id. at p. 6.**  Accordingly, as there is no basis for diversity jurisdiction and no federal question has been raised, the instant case should be dismissed.

Furthermore, substantively, the plaintiff's complaint fails to state a claim upon which relief can be granted as against Attorney Hoopis.  The plaintiff fails to comply with the Federal Rules of Civil Procedure and does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in violation of Rule 8, nor does he state his claims in numbered paragraphs in violation of Rule 10.  Nonetheless, upon review of both pleadings filed, there are no facts alleged against Attorney Hoopis that form the basis of any cause of action.  Although Attorney Hoopis is named as a defendant, the only mentions of him in the body of the complaint and the plaintiff's supplemental pleading are references to his representation of the plaintiff in a state Superior Court action.  It appears that these references are included solely as factual background and to form a basis for the plaintiff's perjury allegations against other named defendants.  As there are no allegations made by the plaintiff against Attorney Hoopis that could even potentially form the basis of a cause of action, the plaintiff's complaint against him should be dismissed under Rule 12(b)(6).

**IV.   CONCLUSION**

Wherefore, for the reasons stated above, Harry J. Hoopis, Esq., respectfully requests an order of this Court dismissing the plaintiff's complaint against him, with prejudice.

                           DEFENDANT, HARRY J. HOOPIS, ESQ.,
                           By his Attorney,


                           /s/ Krista J. Schmitz
                           Krista J. Schmitz, Esq. #7709
                           OLENN & PENZA, LLP
                           530 Greenwich Avenue
                           Warwick, RI  02886
                           PHONE:  (401) 737-3700
                           FAX:  (401) 737-5499
                           EMAIL:  kjs@olenn-penza.com


## CERTIFICATION

     I hereby certify that I have filed the within with the United States District Court on this 10th day of June, 2019, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Jeffrey S. Michaelson, Esq.
70 Romano Vineyard Way
Suite 117
North Kingstown, RI  02852

Matthew Shaw, Esq.
Special Asst. Attorney General
150 South Main Street
Providence, RI  02903

                           /s/ Krista J. Schmitz


## CERTIFICATION

     I certify that I mailed, via regular mail, a true copy of this document on the 10th day of June, 2019, to:

Mr. Syed Shahwali, pro se
820 Atwells Avenue, Apt. 15
Providence, RI  02909

                           /s/ Krista J. Schmitz